UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AREYANA J FAVORS,<br><br>       Plaintiff,<br><br>       -against-<br><br>ERIE COUNTY HOLDING CENTER, ERIE COUNTY MEDICAL CENTER and ERIE COUNTY<br><br>       Defendants. | 26-CV-2914 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Bedford Hills Correctional Facility, brings this action *pro se* under 42 U.S.C. § 1983, alleging a violation of her Fourteenth Amendment due process rights when she was a pretrial detainee at Erie County Holding Center. Named as Defendants are Erie County Holding Center, Erie County Medical Center, and Erie County. Erie County Holding Center is located at 25 Delaware Avenue, Buffalo, NY, 14202. Erie County Medical Center is located at 462 Grider Street, Buffalo, NY, 14215. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that she did not receive sufficient medical care when she was a pretrial detainee at Erie County Holding Center. Because Defendants are located in Erie County, New York, and the alleged events occurred in Erie County, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Erie County, which is in the Western District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 29, 2026
          New York, New York

                                   /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                            Chief United States District Judge